UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 03-245  (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO CORRECT SENTENCE** |
| EUGENE CARL HATHAWAY, | |
| Defendant. | |

---

Lisa Biersay, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Jordan Kushner, **LAW OFFICE OF JORDAN KUSHNER**, 431 South Seventh Street, Suite 2446, Minneapolis, MN 55415, for defendant.

Defendant Eugene Hathaway pled guilty to one count of bank robbery. The Court conducted a sentencing hearing, and sentenced defendant to a prison term of 144 months. This matter is now before the Court on defendant's motion to correct his sentence pursuant to Fed. R. Crim. P. 35(a). For the reasons set forth below, the Court denies defendant's motion to correct his sentence.

**ANALYSIS**

Defendant claims that his sentence should be corrected pursuant to Fed. R. Crim. P. 35(a) to more fully take into account the peculiar circumstances giving rise to

defendant's career offender status, the abuse and neglect defendant experienced during his childhood, and the government's allegedly unreasonable withdrawal of a third acceptance of responsibility point. Defendant contends that, without the career offender designation and with an additional acceptance of responsibility point, the advisory guidelines sentence range would have been 84 to 105 months. Defendant requests that the Court re-evaluate the above factors and re-sentence defendant to a maximum of 84 months imprisonment.

Fed. R. Crim. P. 35(a) provides that "[t]he Court . . . may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." The scope of Rule 35(a) authority "is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence." Fed. R. Crim. P. 35(a) advisory committee's notes. Rule 35(a) "is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence." *Id.* Furthermore, the rule is not available to "reopen issues previously resolved at the sentencing hearing." *Id.*

Here, Rule 35(a) is inapplicable because the original sentence was neither incorrect nor unreasonable. During the sentencing hearing, the Court heard and considered multiple objections to the factual statements contained in the presentence investigation report, and amended the report to reflect several objections made by defendant. The Court also heard testimony and argument from both parties with respect to defendant's motions for downward departure and determined that none of the grounds cited by defendant, standing alone, was sufficient to warrant a downward departure.

These motions involved the circumstances surrounding defendant's other criminal convictions and his traumatic childhood. After noting the guidelines calculations, the Court then imposed a sentence of 144 months – 24 months below the suggested guidelines range. The Court explicitly stated that it considered this sentence to be fair and appropriate in light of the amended factual findings and the evidence and argument presented in connection with the defendant's downward departure motions. In short, the Court explicitly and carefully considered precisely the arguments that defendant now urges the Court to reconsider.

Defendant has pointed to no clear error which would permit the Court to re-open sentencing under Rule 35(a). Instead, defendant requests that the Court revisit its initial downward departure and depart even further from the sentencing guidelines. This is not the type of inquiry that is permitted by Rule 35(a). Accordingly, the Court denies defendant's motion to correct his sentence.

## ORDER

Based upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that defendant's motion to correct his sentence [Docket No. 88] is **DENIED**.

DATED:     June 10, 2005                         s/ John R. Tunheim
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                 United States District Judge